1 Joyce E. Crucillo, SBN 185405
Omero Bañuelos, SBN 228267
2 American Apparel, Inc.
747 Warehouse Street
3 Los Angeles, Ca. 90021
Telephone: (213) 488-0226
4 Fax: (213) 542-4987

5 **Attorney for Defendants, American Apparel, Inc.,**

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

CV09-02475 DDP

9 Woody Allen                          )   Civil Action No. Miscellaneous
10                                      )   Pending Civil Action No. 08 CV 3179
                                        )   (TPG)(KNF)
11          Plaintiff,                  )   DISTRICT COURT
12                                      )   SOUTHERN DISTRICT OF NEW YORK
                                        )
13     v.                               )   **DEFENDANT'S EX PARTE**
14                                      )   **APPLICATION TO STAY**
                                        )   **DEPOSITION OF THIRD-PARTY**
15 AMERICAN APPAREL, INC.               )   **CYNTHIA SEMON, TO QUASH**
16                                      )   **SUBPOENA AND FOR A**
                                        )   **PROTECTIVE ORDER AND**
17          Defendant.                  )   **MEMORANDUM OF POINTS AND**
18                                      )   **AUTHORITIES**
19

20

21 **TO THE HONORABLE COURT, PLAINTIFF AND THEIR**

22 **ATTORNEYS OF RECORD HEREIN:**

23

24      Please take notice that Defendant American Apparel, Inc., ("American

25 Apparel") hereby applies ex parte for an order staying the continued cross-

26 continental deposition of non-party witness Cynthia Semon from taking place

27

28 when Defense counsel is not available, to wit, **April 15, 2009 (one week from**

1
**DEFENDANT'S EX PARTE APPLICATION**

Dockets.Justia.com

**yesterday**), or on any other date upon which Ms. Semon and counsel for Plaintiff Woody Allen are on notice that Defendant's counsel is not available. American Apparel further applies ex parte for an order staying the deposition, quashing the invalid Rule 45 subpoena and for a protective order prohibiting Ms. Semon from producing to Plaintiff the privileged and work product materials sought by the subpoena.

Counsel for non-party witness Semon indicated his availability to proceed with the deposition during the week of April 27, 2009, when Defense counsel is available to proceed, provided that Plaintiff's counsel agreed. Plaintiff's counsel has refused to proceed during the week of April 27, 2009 unless, between now and April 15, Ms. Semon becomes unavailable on April 15. Otherwise, Plaintiff's counsel continues to insist that her deposition continue on April 15, notwithstanding Defense counsel's unavailability on that date.

This ex parte application is based upon the following:

1.    Good Cause exists for the motion to stay the deposition, to quash the subpoena and for a protective order because Plaintiff's counsel has already concluded his questioning of Ms. Semon, and the sole purpose of Ms. Semon's continued deposition is to provide Defendant with the opportunity to cross-examine Ms. Semon. Proceeding when Defendant's counsel cannot be present would

prejudice Defendant's rights and cause a gross miscarriage of justice.

2.      Good cause also exists for the motion to quash and for a protective order because Plaintiff's counsel have repeatedly taken steps to prejudice Defendant's rights by, among other things, failing to serve a valid subpoena upon Ms. Semon, failing to provide Defendant with the requisite notice required pursuant to Rule 45 of the Federal Rules of Civil Procedure, ignoring Defendant's objections to the improper subpoena and the manner in which Ms. Semon's original deposition was scheduled and proceeded to take place, and attempting to strong-arm Ms. Semon into producing to Plaintiff documents to which Defendant has interposed objections and which documents are confidential pursuant to written agreement and subject to the Defendant's attorney client privilege.

3.      Good Cause further exists for the motion to quash and for a protective order because Cynthia Semon is a former employee of American Apparel and is in possession of confidential, privileged and proprietary materials that belong to American Apparel.

4.      A confidentiality agreement exists between Ms. Semon and American Apparel requiring her to return confidential materials to

the company upon termination of her employment.    But for her apparent breach of these obligations, Ms. Semon would not currently possess the documents subpoenaed.

5.    American Apparel will suffer irreparable harm if the confidential, privileged and proprietary documents are produced or if Ms. Semon's deposition proceeds without the presence of and cross-examination by Defendant's counsel.  On the other hand, Plaintiff will not be prejudiced at all by the granting of this protective order.  Rather, each and every one of the documents Ms. Semon purports to have in her possession either have already been produced to Plaintiff by American Apparel or have been logged on American Apparel's privilege log.  Likewise, Plaintiff's counsel has already examined Ms. Semon and has, therefore, preserved her testimony.

This application is based upon this notice, the application, the memorandum of points and authorities, the declarations of Stuart Slotnick, Joyce Crucillo and the pleadings and documents filed in this action.

As set forth in the Declaration of Stuart Slotnick, pursuant to L.R. 7-19, American Apparel gave proper notice of this ex parte application to Defendant, who indicated it would oppose the granting of the relief sought.

**DEFENDANT'S EX PARTE APPLICATION**

DATED: April 9, 2009

AMERICAN APPAREL, INC

By: _____
   Joyce E. Crucillo
   Omero Banuelos
   Attorneys for Defendant
   AMERICAN APPAREL, INC.

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................. 6

I. STATEMENT OF FACTS........................................................6

    a.   Cynthia Semon  ...................................... 6

    b.   Invalid Subpoena.................................................

II. THE MOTION MUST BE GRANTED TO PROTECT DEFENDANT'S INTERESTS.............................................................11

    a.   Legal Standard.........................................11

    b.   Good Cause Exists for the Relief Sought........................... 12

        1.   The Original Subpoena is Invalid and its Deficiencies Have not been cured ........................... 12

        2.   Defendant Will Be Severely Prejudiced If the Deposition Proceeds Without Defendant's Presence ...................... 14

        3.   Defendant Will be Severely Prejudiced if Semon Produces Defendant's Privileged and Work Product Materials to Plaintiff.................................................15

III.   DEFENDANT IS ENTITLED TO FEES  .............................16

IV.   CERTIFICATION.................................................17

V.   NOTICE PURSUANT TO LOCAL RULE 7-19......... ........................... 17

VI.   CONCLUSION..................................................18

...

# TABLE OF AUTHORITIES

Page

*United States v. CBS, Inc.*, 666 F.2d 364, 368–369 (9th Cir. 1982)….......... 12

*CF&I Steel Corp. v. Mitsui & Co., Inc.*, 713 F.2d 494 (9th Cir. 1983)…….. 13.

*In re Stratosphere Corp. Securities Litigation*, 183 F.R.D. 684, 687 (D.Nv.1999) 13

*United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) (D.Md.1974) …. 16

## STATUTES

*Fed. R. Civ. P. § 26(c)* …………………………………………....…..6, 12

*Fed. R. Civ. P. § 23 (b) (1)(2)(3)* …………………………………… 10

*Fed. R. Civ. P. § 37(a)(5)(A)* …………………………………....…. 16

*Fed. R. Civ. P. § 45 (b)(1)*…………………………...…………… 7, 12, 13

# MEMORANDUM OF LAW

In accordance with Federal Rule of Civil Procedure 26(c)(1) counsel for Defendant, American Apparel Inc.,("American Apparel") hereby respectfully moves to stay the continued deposition of Cynthia Semon, in California, which Plaintiff has unilaterally "noticed" for April 15, 2009—a date upon which Defense counsel is in New York and not available—to quash the invalid subpoena served upon Ms. Semon and for a protective order directing Ms. Semon not to produce confidential and privileged documents to Plaintiff to which American Apparel has objected. Such an order is needed to protect American Apparel's rights in a hotly-contested litigation pending in the United States District Court for the Southern District of New York.

## I. STATEMENT OF FACTS

### A. Cynthia Semon

Cynthia Semon is a former employee of American Apparel. (See Declaration of Joyce E. Crucillo ("Decl. Crucillo") at ¶ 2). She was employed until approximately January, 2008. *Id.* at ¶ 2. Ms. Semon primarily served as a media communications and business strategist for American Apparel. In her position, she worked closely with the company's lawyers and the CEO on American Apparel's most sensitive and confidential matters. Furthermore, she worked with in-house and outside counsel on various legal matters and had access to documents protected by the attorney-client privilege. *Id.* at ¶ 2-3. As a result of her access to the company's sensitive information, Ms. Semon signed a Confidentiality Agreement governing the use and disclosure of that material.

DEFENDANT'S EX PARTE APPLICATION

## B. The Invalid Subpoena

Late in the afternoon of December 10, 2008, Defendant's counsel received an email from Plaintiff's counsel wherein Plaintiff's counsel purported to serve (1) a copy of a subpoena that had been served upon Barry Edwards, counsel for Cynthia Semon, (2) a "notice of subpoena," and (3) a copy of a letter that had been sent to Mr. Edwards confirming discussions among Mr. Edwards and Plaintiff's counsel concerning Ms. Semon's subpoenaed testimony. Attached hereto as Exhibit 1 is a true and correct copy of the email transmission and attachments.

Upon reading that email, Defendant's counsel learned that Plaintiff had served a fax or email subpoena upon third-party Cynthia Semon whereby she was commanded to produce "all documents relating to Woody Allen or American Apparel's use of Mr. Allen's name, image, or likeness on any billboard, advertisement or on the American Apparel website" (*see* Ex. 1 attached hereto). Defendant's counsel further learned that, without notice to Defendant, Ms. Semon's deposition had been scheduled for December 23, 2008, a date that was less than two weeks away and at the start of the Christmas holidays, and across the country in Los Angeles. (Defendant's counsel are in New York where the action is venued.)

Defendant's counsel immediately objected to the lack of adequate notice and asked that the deposition be rescheduled for a date and time upon which Defendant's counsel could be present and would have time to prepare beforehand for any necessary cross-examination. Defendant's counsel also objected to the subpoena on the grounds that: (1) Plaintiff had failed to give prior notice of the request for the production of documents as required by Rule 45(b)(1) of the Federal Rules of Civil Procedure; (2) Plaintiff had failed to give sufficient time for objections to be made to the subpoena and heard by a Court of competent jurisdiction prior to the date of the commanded production; (3) Plaintiff's subpoena

DEFENDANT'S EX PARTE APPLICATION

sought the production of documents believed to be protected by the attorney-client privilege, the attorney work product doctrine and/or by the terms of a confidentiality agreement between Ms. Semon and Defendant (her former employer); and (4) Plaintiff had failed to provide the requisite witness fee, thereby invalidating the entire subpoena.

Plaintiff's counsel rescheduled Ms. Semon's deposition for <u>Saturday</u> January 10, 2009. Plaintiff did not re-serve, amend or modify the subpoena in any respect. Before her deposition began on January 10, 2009, Defendant's counsel repeated all of his above-listed objections to the validity of the subpoena and to the production of any of the documents sought.

In response to Defendant's objections, Ms. Semon produced the documents she had collected to Defendant's counsel for their review and further objections. That review confirmed that each of the documents Ms. Semon had collected for production either (a) had previously been produced by American Apparel or (b) were protected from production by the attorney-client privilege, the attorney work product doctrine, or the terms of the confidentiality agreement Ms. Semon had entered into with American Apparel. Nevertheless, Defendant's counsel agreed to produce, and on January 23, 2009, did produce to Plaintiff, those documents Ms. Semon had collected that were subject to the terms of her confidentiality agreement but were <u>not</u> privileged or work product. Attached hereto as Exhibit 2 is a true and correct copy of the cover letter to Plaintiff's counsel enclosing the Semon documents and the Semon documents produced. Defendant has continued to assert its objections to the production of any privileged or work product materials.

Based upon correspondence recently received from Ms. Semon's counsel (discussed in greater detail below), it appears that, unbeknownst to Defendant or its counsel, Ms. Semon had advised Plaintiff's counsel that, due to health issues, she

was available for a limited period of time for questioning by Plaintiff's attorney. Nevertheless, on January 10, 2009, Plaintiff's counsel questioned Ms. Semon for approximately three (3) hours. Attached hereto as Exhibit 3 is a true and correct copy of excerpts of Ms. Semon's deposition transcript, including pages showing the 10:29 start time and 1:42 end time. Thereafter, Defendant's counsel tried to begin his cross-examination. Plaintiff's counsel, however, improperly interrupted that cross-examination and encouraged Ms. Semon to end her deposition immediately to be concluded at a later time. (Ex. 3). After Plaintiff counsel's interruptions and suggestions that Ms. Semon's cross-examination continue at another time, Ms. Semon asked to end the deposition at that time, but agreed to make herself available at a later date for Defendant's cross-examination.

Since January 10, 2009, Defendant's counsel has repeatedly attempted to schedule the continuation of Ms. Semon's deposition. Attached hereto as Exhibit 4 are true and correct copies of examples of the correspondence between Defendant's counsel and Ms. Semon's counsel on this issue. Ms. Semon's counsel consistently informed Defendant's counsel that she continued to be unavailable for health reasons, but as soon as she was feeling better, she would make herself available for Defendant's cross-examination. (Ex. 4).

Sometime in and around March, 2009, Plaintiff's counsel, without notice or knowledge to Defense counsel, apparently contacted Ms. Semon's counsel and inquired when she would be available for the conclusion of her deposition. On March 23, 2009, Plaintiff's counsel sent an email to Defendant's counsel representing that Ms. Semon's counsel had informed him that the earliest Ms. Semon would be available for deposition is mid to late April, but that her counsel would let counsel know more definitively next month (April). Attached hereto as Exhibit 5 is a true and correct copy of the email sent by Plaintiff's counsel on March 23, 2009.

**DEFENDANT'S EX PARTE APPLICATION**

On March 30, 2009, Ms. Semon's counsel informed the parties that Ms. Semon could tentatively make herself available on April 15, after conversation with Plaintiff's counsel and not Defense counsel. Attached hereto as Exhibit 6 is a true and correct copy of counsel's March 30, 2009, correspondence. Defendant's counsel immediately notified Ms. Semon's counsel and Plaintiff's counsel that he was not available on April 15 for a number of reasons, including a previously-scheduled court appearance in which a client is traveling to the United States from Israel.[1] (See Declaration of Stuart P. Slotnick ("Decl. Slotnick") at ¶ 5 and Exhibit 7 attached hereto). Ms. Semon's counsel informed Defense counsel that he was available during the week of April 27, 2009, and agreed to ask Ms. Semon if she also would be available any time that week, provided that Plaintiff's counsel agreed. (Decl. Slotnick ¶ 9.) When Defense counsel attempted to work through this scheduling issue, Plaintiff's counsel refused to consider any other date. Instead, on April 1, 2009 (the next day after receiving the communication from Ms. Semon's counsel) unilaterally prepared and served a "notice of deposition" purporting to notify Defendant that Plaintiff "will take the continued deposition upon oral examination of Cynthia Semon on April 15, 2009, commencing at 10:00 a.m. . . . ." Attached hereto as Exhibit 8 is a true and correct copy of the Notice of Deposition. This is notably perplexing because Plaintiff's counsel concluded his questioning of Ms. Semon, and it is now Defense counsel's turn to cross-examine the witness.

Plaintiff's Notice is improper for a number of reasons, not the least of which is that the purpose of the continued deposition is to allow <u>Defendant</u> the opportunity to cross-examine the witness, not for Plaintiff's counsel to "continue" a previously-closed line of questions.

---

1    Mr. Slotnick's colleagues also are unavailable on April 15. Ms. Davidson will be in Virginia that week, and Mr. Piccininni has a previously scheduled medical commitment and cannot travel on that date. (Decl. Slotnick ¶ 8.)

Defendant's counsel has had several conversations with Plaintiff's counsel since the receipt of this Notice. To date, Plaintiff's counsel has refused to consider any alternative dates for the deposition, unless Defense counsel agrees to unreasonable conditions, and has indicated that Plaintiff will proceed on April 15 with or without the presence of Defendant's counsel. (Decl. Slotnick ¶ 13.)

## II. THE MOTION MUST BE GRANTED TO PROTECT DEFENDANT'S INTERESTS

### A. Legal Standard

The court has the authority to grant the order requested. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:...

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;...

(G) Requiring that a trade secret or other confidential research,

development, or commercial information not be revealed or be revealed

only in a specified way...." Fed. R. Civ. Proc. 26(c)(1).

The purpose of a protective order is to provide a safeguard for parties and other

persons in light of the otherwise broad reach of discovery. Fed. R. Civ. Prox.

26(c), Advisory Comm. Notes (1970); *See also* <u>United States v. CBS, Inc,</u>. 666

F.2d 364, 368–369 (9th Cir. 1982).

**B.    Good Cause Exists for the Relief Sought**

**1.    The Original Subpoena Is Invalid and Its Deficiencies Have Not Been Cured**

The subpoena served upon Ms. Semon by email is defective and invalid for

several reasons. First and foremost, Plaintiff failed to give Defendant prior notice

of his intent to seek documents from Ms. Semon, thereby depriving Defendant of

its right to object to those requests before the subpoena was served. Fed. R. Civ.

Proc. 45(b)(1) ("If the subpoena commands the production of documents,

electronically stored information, or tangible things or the inspection of premises

before trial, then before it is served, a notice must be served on each party.") and

comments thereto.   Had Plaintiff followed the rules, neither Defendant nor

Ms. Semon would have been in the precarious situation they found themselves in

on January 10, 2009, when Plaintiff expected to receive documents from Ms.

Semon.

**DEFENDANT'S EX PARTE APPLICATION**

Second, Plaintiff failed to include a witness fee with the subpoena. This, too, makes the subpoena invalid on its face pursuant to Ninth Circuit law. Fed. R. Civ. Proc. 45(b)(1); *CF&I Steel Corp. v. Mitsui & Co., Inc.*, 713 F.2d 494 (9th Cir. 1983) (affirming the Northern District of California's holding that subpoenas were invalid because no witness fees or mileage allowances were tendered when the subpoena was served); *In re Stratosphere Corp. Securities Litigation*, 183 F.R.D. 684, 687 (D.Nev. 1999) ("The failure to pay witness and mileage fees, required by Fed.R.Civ.P. 45(b)(1) renders service incomplete." (citing *CF&I Steel Corp.*).

Third, the subpoena commanded Ms. Semon's presence at a deposition and the production of documents a mere 13 days hence—on December 23, 2008, during the week of winter holiday. Although Plaintiff ultimately rescheduled the deposition, Plaintiff never reissued or reserved a valid subpoena. To the contrary, Plaintiff repeated its earlier transgression in unilaterally attempting to schedule the purported "continuation" of Ms. Semon's deposition with only one week's notice on a date that they know Defendant's counsel is not available—a date which also happens to be centered around religious holidays (both Easter and Passover) and a time when many schools are on spring break and, most notably, a date that none of Defense counsel could attend to commence Defendant's cross-examination of Ms. Semon.

**DEFENDANT'S EX PARTE APPLICATION**

## 2. Defendant Will Be Severely Prejudiced If the Deposition Proceeds Without Defendant's Presence

Plaintiff's counsel ended his questions on <u>Saturday</u> January 10, 2009, and turned the deposition over to Defendant's counsel for cross-examination. Thereafter, Plaintiff's counsel filibustered until Ms. Semon had to leave for the day, thereby preventing Defendant's counsel from asking a single question. (Ex. 3.) Thus, when Ms. Semon's deposition is rescheduled, it will be for the purpose of allowing Defendant's counsel to cross-examine the witness.

Consequently, Plaintiff's attempt to schedule Ms. Semon's continued deposition at a date and time that Plaintiff's counsel knows Defendant's counsel cannot be present is particularly egregious. Ms. Semon's counsel has indicated a willingness to check Ms. Semon's schedule and make her available on a date that both Plaintiff's and Defendant's counsel can appear.[2] Plaintiff's counsel, however, has refused to consider any date other than April 15, 2009, unless Defense counsel agrees to unreasonable conditions. As a result, Ms. Semon's counsel has now informed Defendant's counsel that they will need to seek a protective order to protect Defendant's rights. (Decl. Slotnick ¶ 14.) Such motion practice is a perverse waste of the parties' and the court's resources but,

---

[2]    Ms. Semon's deposition will need to be concluded relatively soon, as trial is scheduled to commence in the Southern District of New York on May 18, 2009. (Decl. Slotnick ¶ 11.)

**DEFENDANT'S EX PARTE APPLICATION**

unfortunately, Defendant has no choice but to respond to Plaintiff's gamesmanship with this motion.

Good cause exists for the entry of a protective order prohibiting Ms. Semon's deposition from continuing on April 15 or any other day upon which Defendant's counsel is unavailable. Good cause also exists for allowing Defendant an equal opportunity to examine Ms. Semon that Plaintiff's counsel had—namely, 3 to 3.5 hours (which, coincidentally, when added to the time Plaintiff's counsel spent is consistent with Rule 30(d)(1) allowing for a 7-hour deposition).

### 3. Defendant Will Be Severely Prejudiced If Semon Produces Defendant's Privileged and Work Product Materials to Plaintiff

As explained above, Plaintiff failed to provide Defendant with the requisite opportunity to review the document requests contained in the subpoena *duces tecum* prior to serving the subpoena. Fortunately, Ms. Semon and her counsel took the prudent course of action and provided the documents Ms. Semon had collected—all of which were documents she had sent or received while employed by American Apparel and related to her employment there—first to American Apparel's counsel for their review. Based upon that review, American Apparel reiterated its privilege, work product, and confidentiality objections. All non-privileged documents collected by Ms. Semon have now been produced to Plaintiff. (Ex. 2.)

**DEFENDANT'S EX PARTE APPLICATION**

Nevertheless, upon information and belief, Plaintiff continues to insist that Ms. Semon must produce all remaining documents—even though American Apparel has asserted it privilege and other objections to that production. Because these are American Apparel's documents, which Ms. Semon possessed solely as a result of her employment relationship with American Apparel, the privilege belongs to American Apparel. *See United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) (former employee of a corporation cannot waive corporation's privilege by producing corporation's documents).

Ms. Semon cannot waive that privilege, and Plaintiff should not be permitted to obtain through Ms. Semon documents that Plaintiff previously requested from American Apparel but withheld on privilege grounds. To permit this end-run around American Apparel's assertion of privilege would be a gross miscarriage of justice.

### III.    DEFENDANT IS ENTITLED TO FEES

"If the motion is granted, the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. Proc. 37(a)(5)(A). Although this directive is subject to exceptions, none apply here.

Pursuant to the above, Defendant requests that this Court award reasonable expenses incurred in the making of this motion. Counsel for American Apparel has provided Plaintiff's counsel with sufficient basis for its position. However, Plaintiff has refused to provide a legitimate reason for refusing American Apparel's its rightful opportunity to cross-examine the witness and to protect its confidential and privileged information.

## IV.    CERTIFICATION

Pursuant to the Federal Rules of Civil Procedure and Local Rules, Defendant American Apparel's counsel certifies, that Defendant, through counsel, conferred in good faith with Plaintiff's counsel regarding the relief requested in this motion, and Plaintiff's counsel refused to agree to it. Consequently, Defense counsel notified Plaintiff's counsel of their intent to formally seek this relief.

## V.    NOTICE PURSUANT TO LOCAL RULE 7-19

Pursuant to Local Rule 7-19, the names, addresses and telephone numbers of opposing counsel are:

Michael Zweig, Esq.,
Loeb & Loeb LLP
345 Park Avenue, New York, New York 10154
(212) 407-4000, mzweig@loeb.com
Counsel to Plaintiff Woody Allen

Barry R. Edwards, Esq.,
Spiegelman and Edwards
433 North Camden Drive, 6th Floor, Beverly Hills, CA 90210
(310) 288-1802, barry@selaw.net
Counsel to Cynthia Semon

## VI.  CONCLUSION

Based upon the foregoing, Defendant respectfully moves for an order of court 1) granting Defendant's motion to quash the invalid subpoena served upon non-party witness; or in the alternative; 2) granting Defendant's motion to stay the continued deposition on April 15, 2009, a time which Defense counsel is not available; 3) issuing a protective order prohibiting Plaintiff from taking third-party Cynthia Semon's deposition on April 15, 2009 or on any other date upon which Defendant's counsel is not available, and directing Ms. Semon not to produce any documents in response to the improperly-issued subpoena *duces tecum*; and 4) granting reasonable fees and costs to Defendant.

DATED:  April 9, 2009

AMERICAN APPAREL, INC

By: _____
Joyce E. Crucillo
Omero Banuelos
Attorneys for Defendants
AMERICAN APPAREL, INC.

**PROOF OF SERVICE**

State of California, County of Los Angeles,

    I am employed in Los Angeles County, State of California.

    I am over the age of 18 years and not a party to this action. My business address is 747 Warehouse Street, Los Angeles, Ca. 90021.

On April 9, 2009, I served the document described as

    **DEFENDANT'S EX PARTE APPLICATION TO STAY DEPOSITION OF THIRD-PARTY CYNTHIA SEMON, TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER**

on all interested parties as follows:

by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

Michael Zweig, Esq.
Loeb & Loeb LLP
345 Park Avenue
New York, New York 10154

Barry R. Edwards, Esq.
Spiegelman and Edwards
433 North Camden Drive, 6th Floor
Beverly Hills, CA 90210

[X]      BY U.S. MAIL: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

[]      BY PERSONAL HAND DELIVERY:
I caused the above-described document(s) to be personally delivered by hand to the following recipient at the following address:

I declare under penalty of perjury that the above is true and correct.

April 9, 2009

_____
Cristina Diaz

Joyce E. Crucillo, SBN 185405
Omero Bañuelos, SBN 228267
American Apparel, Inc.
747 Warehouse Street
Los Angeles, Ca. 90021
Telephone: (213) 488-0226
Fax: (213) 542-4987

**Attorney for Defendants, American Apparel, Inc.,**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV09-02475 DDP (Ex)

| | |
|---|---|
| Woody Allen | ) Civil Action No. Miscellaneous |
| | ) Pending Civil Action No. 08 CV 3179 |
| | ) (TPG)(KNF) |
| Plaintiff, | ) DISTRICT COURT |
| | ) SOUTHERN DISTRICT OF NEW YORK |
| | ) |
| v. | ) **DEFENDANT'S EX PARTE** |
| | ) **APPLICATION TO STAY** |
| | ) **DEPOSITION OF THIRD-PARTY** |
| AMERICAN APPAREL, INC. | ) **CYNTHIA SEMON, TO QUASH** |
| | ) **SUBPOENA AND FOR A** |
| | ) **PROTECTIVE ORDER AND** |
| Defendant. | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES** |

**TO THE HONORABLE COURT, PLAINTIFF AND THEIR**

**ATTORNEYS OF RECORD HEREIN:**

Please take notice that Defendant American Apparel, Inc., ("American

Apparel") hereby applies ex parte for an order staying the continued cross-

continental deposition of non-party witness Cynthia Semon from taking place

when Defense counsel is not available, to wit, **April 15, 2009 (one week from**

1

DEFENDANT'S EX PARTE APPLICATION

**yesterday)**, or on any other date upon which Ms. Semon and counsel for Plaintiff Woody Allen are on notice that Defendant's counsel is not available. American Apparel further applies ex parte for an order staying the deposition, quashing the invalid Rule 45 subpoena and for a protective order prohibiting Ms. Semon from producing to Plaintiff the privileged and work product materials sought by the subpoena.

Counsel for non-party witness Semon indicated his availability to proceed with the deposition during the week of April 27, 2009, when Defense counsel is available to proceed, provided that Plaintiff's counsel agreed. Plaintiff's counsel has refused to proceed during the week of April 27, 2009 unless, between now and April 15, Ms. Semon becomes unavailable on April 15. Otherwise, Plaintiff's counsel continues to insist that her deposition continue on April 15, notwithstanding Defense counsel's unavailability on that date.

This ex parte application is based upon the following:

1.      Good Cause exists for the motion to stay the deposition, to quash the subpoena and for a protective order because Plaintiff's counsel has already concluded his questioning of Ms. Semon, and the sole purpose of Ms. Semon's continued deposition is to provide Defendant with the opportunity to cross-examine Ms. Semon. Proceeding when Defendant's counsel cannot be present would

prejudice Defendant's rights and cause a gross miscarriage of justice.

2.  Good cause also exists for the motion to quash and for a protective order because Plaintiff's counsel have repeatedly taken steps to prejudice Defendant's rights by, among other things, failing to serve a valid subpoena upon Ms. Semon, failing to provide Defendant with the requisite notice required pursuant to Rule 45 of the Federal Rules of Civil Procedure, ignoring Defendant's objections to the improper subpoena and the manner in which Ms. Semon's original deposition was scheduled and proceeded to take place, and attempting to strong-arm Ms. Semon into producing to Plaintiff documents to which Defendant has interposed objections and which documents are confidential pursuant to written agreement and subject to the Defendant's attorney client privilege.

3.  Good Cause further exists for the motion to quash and for a protective order because Cynthia Semon is a former employee of American Apparel and is in possession of confidential, privileged and proprietary materials that belong to American Apparel.

4.  A confidentiality agreement exists between Ms. Semon and American Apparel requiring her to return confidential materials to

**DEFENDANT'S EX PARTE APPLICATION**

the company upon termination of her employment.  But for her apparent breach of these obligations, Ms. Semon would not currently possess the documents subpoenaed.

5.   American Apparel will suffer irreparable harm if the confidential, privileged and proprietary documents are produced or if Ms. Semon's deposition proceeds without the presence of and cross-examination by Defendant's counsel.  On the other hand, Plaintiff will not be prejudiced at all by the granting of this protective order.  Rather, each and every one of the documents Ms. Semon purports to have in her possession either have already been produced to Plaintiff by American Apparel or have been logged on American Apparel's privilege log.  Likewise, Plaintiff's counsel has already examined Ms. Semon and has, therefore, preserved her testimony.

This application is based upon this notice, the application, the memorandum of points and authorities, the declarations of Stuart Slotnick, Joyce Crucillo and the pleadings and documents filed in this action.

As set forth in the Declaration of Stuart Slotnick, pursuant to L.R. 7-19, American Apparel gave proper notice of this ex parte application to Defendant, who indicated it would oppose the granting of the relief sought.

DATED: April 9, 2009

AMERICAN APPAREL, INC

By: _____

    Joyce E. Crucillo
    Omero Banuelos
    Attorneys for Defendant
    AMERICAN APPAREL, INC.

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................. 6

I. STATEMENT OF FACTS.........................................................6

      a.    Cynthia Semon  ..................................... 6

      b.    Invalid Subpoena.....................................

II. THE MOTION MUST BE GRANTED TO PROTECT DEFENDANT'S
INTERESTS.................................................................11

      a.    Legal Standard..............................................11

      b.    Good Cause Exists for the Relief Sought...........................12

          1.    The Original Subpoena is Invalid and its Deficiencies Have
              not been cured ...................................... 12

          2.    Defendant Will Be Severely Prejudiced If the Deposition
              Proceeds Without Defendant's Presence ..................... 14

          3.    Defendant Will be Severely Prejudiced if Semon Produces
              Defendant's Privileged and Work Product Materials to
              Plaintiff...................................................15

III.    DEFENDANT IS ENTITLED TO FEES  ...........................16

IV.    CERTIFICATION..............................................17
V.    NOTICE PURSUANT TO LOCAL RULE 7-19........ ..................... 17
VI.    CONCLUSION................................................18

...

# TABLE OF AUTHORITIES

Page

*United States v. CBS, Inc.,* 666 F.2d 364, 368–369 (9th Cir. 1982)…........ 12

*CF&I Steel Corp. v. Mitsui & Co., Inc.,* 713 F.2d 494 (9th Cir. 1983)…….. 13

*In re Stratosphere Corp. Securities Litigation,* 183 F.R.D. 684, 687 (D.Nv.1999) 13

*United States v. Chen,* 99 F.3d 1495, 1502 (9th Cir. 1996) (D.Md.1974) …. 16

## STATUTES

*Fed. R. Civ. P. § 26(c)* ……………………………………...…….6, 12

*Fed. R. Civ. P. § 23 (b) (1)(2)(3)* …………………………………….. 10

*Fed. R. Civ. P. § 37(a)(5)(A)* …………………………………...…….. 16

*Fed. R. Civ. P. § 45 (b)(1)*……………………………...………………. 7, 12, 13

# MEMORANDUM OF LAW

In accordance with Federal Rule of Civil Procedure 26(c)(1) counsel for Defendant, American Apparel Inc.,("American Apparel") hereby respectfully moves to stay the continued deposition of Cynthia Semon, in California, which Plaintiff has unilaterally "noticed" for April 15, 2009—a date upon which Defense counsel is in New York and not available—to quash the invalid subpoena served upon Ms. Semon and for a protective order directing Ms. Semon not to produce confidential and privileged documents to Plaintiff to which American Apparel has objected. Such an order is needed to protect American Apparel's rights in a hotly-contested litigation pending in the United States District Court for the Southern District of New York.

## I. STATEMENT OF FACTS

### A. Cynthia Semon

Cynthia Semon is a former employee of American Apparel. (See Declaration of Joyce E. Crucillo ("Decl. Crucillo") at ¶ 2). She was employed until approximately January, 2008. *Id.* at ¶ 2. Ms. Semon primarily served as a media communications and business strategist for American Apparel. In her position, she worked closely with the company's lawyers and the CEO on American Apparel's most sensitive and confidential matters. Furthermore, she worked with in-house and outside counsel on various legal matters and had access to documents protected by the attorney-client privilege. *Id.* at ¶ 2-3. As a result of her access to the company's sensitive information, Ms. Semon signed a Confidentiality Agreement governing the use and disclosure of that material.

DEFENDANT'S EX PARTE APPLICATION

## B.    The Invalid Subpoena

Late in the afternoon of December 10, 2008, Defendant's counsel received an email from Plaintiff's counsel wherein Plaintiff's counsel purported to serve (1) a copy of a subpoena that had been served upon Barry Edwards, counsel for Cynthia Semon, (2) a "notice of subpoena," and (3) a copy of a letter that had been sent to Mr. Edwards confirming discussions among Mr. Edwards and Plaintiff's counsel concerning Ms. Semon's subpoenaed testimony.    Attached hereto as Exhibit 1 is a true and correct copy of the email transmission and attachments.

Upon reading that email, Defendant's counsel learned that Plaintiff had served a fax or email subpoena upon third-party Cynthia Semon whereby she was commanded to produce "all documents relating to Woody Allen or American Apparel's use of Mr. Allen's name, image, or likeness on any billboard, advertisement or on the American Apparel website" (*see* Ex. 1 attached hereto). Defendant's counsel further learned that, without notice to Defendant, Ms. Semon's deposition had been scheduled for December 23, 2008, a date that was less than two weeks away and at the start of the Christmas holidays, and across the country in Los Angeles. (Defendant's counsel are in New York where the action is venued.)

Defendant's counsel immediately objected to the lack of adequate notice and asked that the deposition be rescheduled for a date and time upon which Defendant's counsel could be present and would have time to prepare beforehand for any necessary cross-examination.    Defendant's counsel also objected to the subpoena on the grounds that:    (1) Plaintiff had failed to give prior notice of the request for the production of documents as required by Rule 45(b)(1) of the Federal Rules of Civil Procedure; (2) Plaintiff had failed to give sufficient time for objections to be made to the subpoena and heard by a Court of competent jurisdiction prior to the date of the commanded production; (3) Plaintiff's subpoena

sought the production of documents believed to be protected by the attorney-client privilege, the attorney work product doctrine and/or by the terms of a confidentiality agreement between Ms. Semon and Defendant (her former employer); and (4) Plaintiff had failed to provide the requisite witness fee, thereby invalidating the entire subpoena.

Plaintiff's counsel rescheduled Ms. Semon's deposition for <u>Saturday</u> January 10, 2009. Plaintiff did not re-serve, amend or modify the subpoena in any respect. Before her deposition began on January 10, 2009, Defendant's counsel repeated all of his above-listed objections to the validity of the subpoena and to the production of any of the documents sought.

In response to Defendant's objections, Ms. Semon produced the documents she had collected to Defendant's counsel for their review and further objections. That review confirmed that each of the documents Ms. Semon had collected for production either (a) had previously been produced by American Apparel or (b) were protected from production by the attorney-client privilege, the attorney work product doctrine, or the terms of the confidentiality agreement Ms. Semon had entered into with American Apparel. Nevertheless, Defendant's counsel agreed to produce, and on January 23, 2009, did produce to Plaintiff, those documents Ms. Semon had collected that were subject to the terms of her confidentiality agreement but were <u>not</u> privileged or work product. Attached hereto as Exhibit 2 is a true and correct copy of the cover letter to Plaintiff's counsel enclosing the Semon documents and the Semon documents produced. Defendant has continued to assert its objections to the production of any privileged or work product materials.

Based upon correspondence recently received from Ms. Semon's counsel (discussed in greater detail below), it appears that, unbeknownst to Defendant or its counsel, Ms. Semon had advised Plaintiff's counsel that, due to health issues, she

DEFENDANT'S EX PARTE APPLICATION

was available for a limited period of time for questioning by Plaintiff's attorney. Nevertheless, on January 10, 2009, Plaintiff's counsel questioned Ms. Semon for approximately three (3) hours. Attached hereto as Exhibit 3 is a true and correct copy of excerpts of Ms. Semon's deposition transcript, including pages showing the 10:29 start time and 1:42 end time. Thereafter, Defendant's counsel tried to begin his cross-examination. Plaintiff's counsel, however, improperly interrupted that cross-examination and encouraged Ms. Semon to end her deposition immediately to be concluded at a later time. (Ex. 3). After Plaintiff counsel's interruptions and suggestions that Ms. Semon's cross-examination continue at another time, Ms. Semon asked to end the deposition at that time, but agreed to make herself available at a later date for Defendant's cross-examination.

Since January 10, 2009, Defendant's counsel has repeatedly attempted to schedule the continuation of Ms. Semon's deposition. Attached hereto as Exhibit 4 are true and correct copies of examples of the correspondence between Defendant's counsel and Ms. Semon's counsel on this issue. Ms. Semon's counsel consistently informed Defendant's counsel that she continued to be unavailable for health reasons, but as soon as she was feeling better, she would make herself available for Defendant's cross-examination. (Ex. 4).

Sometime in and around March, 2009, Plaintiff's counsel, without notice or knowledge to Defense counsel, apparently contacted Ms. Semon's counsel and inquired when she would be available for the conclusion of her deposition. On March 23, 2009, Plaintiff's counsel sent an email to Defendant's counsel representing that Ms. Semon's counsel had informed him that the earliest Ms. Semon would be available for deposition is mid to late April, but that her counsel would let counsel know more definitively next month (April). Attached hereto as Exhibit 5 is a true and correct copy of the email sent by Plaintiff's counsel on March 23, 2009.

DEFENDANT'S EX PARTE APPLICATION

On March 30, 2009, Ms. Semon's counsel informed the parties that Ms. Semon could tentatively make herself available on April 15, after conversation with Plaintiff's counsel and not Defense counsel. Attached hereto as Exhibit 6 is a true and correct copy of counsel's March 30, 2009, correspondence. Defendant's counsel immediately notified Ms. Semon's counsel and Plaintiff's counsel that he was not available on April 15 for a number of reasons, including a previously-scheduled court appearance in which a client is traveling to the United States from Israel.[1] (See Declaration of Stuart P. Slotnick ("Decl. Slotnick") at ¶ 5 and Exhibit 7 attached hereto). Ms. Semon's counsel informed Defense counsel that he was available during the week of April 27, 2009, and agreed to ask Ms. Semon if she also would be available any time that week, provided that Plaintiff's counsel agreed. (Decl. Slotnick ¶ 9.) When Defense counsel attempted to work through this scheduling issue, Plaintiff's counsel refused to consider any other date. Instead, on April 1, 2009 (the next day after receiving the communication from Ms. Semon's counsel) unilaterally prepared and served a "notice of deposition" purporting to notify Defendant that Plaintiff "will take the continued deposition upon oral examination of Cynthia Semon on April 15, 2009, commencing at 10:00 a.m. . . ." Attached hereto as Exhibit 8 is a true and correct copy of the Notice of Deposition. This is notably perplexing because Plaintiff's counsel concluded his questioning of Ms. Semon, and it is now Defense counsel's turn to cross-examine the witness.

Plaintiff's Notice is improper for a number of reasons, not the least of which is that the purpose of the continued deposition is to allow <u>Defendant</u> the opportunity to cross-examine the witness, not for Plaintiff's counsel to "continue" a previously-closed line of questions.

---

1     Mr. Slotnick's colleagues also are unavailable on April 15. Ms. Davidson will be in Virginia that week, and Mr. Piccininni has a previously scheduled medical commitment and cannot travel on that date. (Decl. Slotnick ¶ 8.)

**DEFENDANT'S EX PARTE APPLICATION**

Defendant's counsel has had several conversations with Plaintiff's counsel since the receipt of this Notice. To date, Plaintiff's counsel has refused to consider any alternative dates for the deposition, unless Defense counsel agrees to unreasonable conditions, and has indicated that Plaintiff will proceed on April 15 with or without the presence of Defendant's counsel. (Decl. Slotnick ¶ 13.)

## II. THE MOTION MUST BE GRANTED TO PROTECT DEFENDANT'S INTERESTS

### A. Legal Standard

The court has the authority to grant the order requested. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:…

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;…

(G) Requiring that a trade secret or other confidential research,

development, or commercial information not be revealed or be revealed

only in a specified way...." Fed. R. Civ. Proc. 26(c)(1).

The purpose of a protective order is to provide a safeguard for parties and other

persons in light of the otherwise broad reach of discovery. Fed. R. Civ. Prox.

26(c), Advisory Comm. Notes (1970); *See also* United States v. CBS, Inc,. 666

F.2d 364, 368–369 (9th Cir. 1982).

**B.     Good Cause Exists for the Relief Sought**

**1.     The Original Subpoena Is Invalid and Its Deficiencies Have Not Been Cured**

The subpoena served upon Ms. Semon by email is defective and invalid for

several reasons. First and foremost, Plaintiff failed to give Defendant prior notice

of his intent to seek documents from Ms. Semon, thereby depriving Defendant of

its right to object to those requests before the subpoena was served. Fed. R. Civ.

Proc. 45(b)(1) ("If the subpoena commands the production of documents,

electronically stored information, or tangible things or the inspection of premises

before trial, then before it is served, a notice must be served on each party.") and

comments thereto. Had Plaintiff followed the rules, neither Defendant nor

Ms. Semon would have been in the precarious situation they found themselves in

on January 10, 2009, when Plaintiff expected to receive documents from Ms.

Semon.

**DEFENDANT'S EX PARTE APPLICATION**

Second, Plaintiff failed to include a witness fee with the subpoena. This, too, makes the subpoena invalid on its face pursuant to Ninth Circuit law. Fed. R. Civ. Proc. 45(b)(1); *CF&I Steel Corp. v. Mitsui & Co., Inc.*, 713 F.2d 494 (9th Cir. 1983) (affirming the Northern District of California's holding that subpoenas were invalid because no witness fees or mileage allowances were tendered when the subpoena was served); *In re Stratosphere Corp. Securities Litigation*, 183 F.R.D. 684, 687 (D.Nev. 1999) ("The failure to pay witness and mileage fees, required by Fed.R.Civ.P. 45(b)(1) renders service incomplete." (citing *CF&I Steel Corp.*).

Third, the subpoena commanded Ms. Semon's presence at a deposition and the production of documents a mere 13 days hence—on December 23, 2008, during the week of winter holiday. Although Plaintiff ultimately rescheduled the deposition, Plaintiff never reissued or reserved a valid subpoena. To the contrary, Plaintiff repeated its earlier transgression in unilaterally attempting to schedule the purported "continuation" of Ms. Semon's deposition with only one week's notice on a date that they know Defendant's counsel is not available—a date which also happens to be centered around religious holidays (both Easter and Passover) and a time when many schools are on spring break and, most notably, a date that none of Defense counsel could attend to commence Defendant's cross-examination of Ms. Semon.

**DEFENDANT'S EX PARTE APPLICATION**

## 2. Defendant Will Be Severely Prejudiced If the Deposition Proceeds Without Defendant's Presence

Plaintiff's counsel ended his questions on <u>Saturday</u> January 10, 2009, and turned the deposition over to Defendant's counsel for cross-examination. Thereafter, Plaintiff's counsel filibustered until Ms. Semon had to leave for the day, thereby preventing Defendant's counsel from asking a single question. (Ex. 3.) Thus, when Ms. Semon's deposition is rescheduled, it will be for the purpose of allowing Defendant's counsel to cross-examine the witness.

Consequently, Plaintiff's attempt to schedule Ms. Semon's continued deposition at a date and time that Plaintiff's counsel knows Defendant's counsel cannot be present is particularly egregious. Ms. Semon's counsel has indicated a willingness to check Ms. Semon's schedule and make her available on a date that both Plaintiff's and Defendant's counsel can appear.[2] Plaintiff's counsel, however, has refused to consider any date other than April 15, 2009, unless Defense counsel agrees to unreasonable conditions. As a result, Ms. Semon's counsel has now informed Defendant's counsel that they will need to seek a protective order to protect Defendant's rights. (Decl. Slotnick ¶ 14.) Such motion practice is a perverse waste of the parties' and the court's resources but,

---

[2]    Ms. Semon's deposition will need to be concluded relatively soon, as trial is scheduled to commence in the Southern District of New York on May 18, 2009. (Decl. Slotnick ¶ 11.)

**DEFENDANT'S EX PARTE APPLICATION**

unfortunately, Defendant has no choice but to respond to Plaintiff's gamesmanship with this motion.

Good cause exists for the entry of a protective order prohibiting Ms. Semon's deposition from continuing on April 15 or any other day upon which Defendant's counsel is unavailable. Good cause also exists for allowing Defendant an equal opportunity to examine Ms. Semon that Plaintiff's counsel had—namely, 3 to 3.5 hours (which, coincidentally, when added to the time Plaintiff's counsel spent is consistent with Rule 30(d)(1) allowing for a 7-hour deposition).

### 3. Defendant Will Be Severely Prejudiced If Semon Produces Defendant's Privileged and Work Product Materials to Plaintiff

As explained above, Plaintiff failed to provide Defendant with the requisite opportunity to review the document requests contained in the subpoena *duces tecum* prior to serving the subpoena. Fortunately, Ms. Semon and her counsel took the prudent course of action and provided the documents Ms. Semon had collected—all of which were documents she had sent or received while employed by American Apparel and related to her employment there—first to American Apparel's counsel for their review. Based upon that review, American Apparel reiterated its privilege, work product, and confidentiality objections. All non-privileged documents collected by Ms. Semon have now been produced to Plaintiff. (Ex. 2.)

**DEFENDANT'S EX PARTE APPLICATION**

Nevertheless, upon information and belief, Plaintiff continues to insist that Ms. Semon must produce all remaining documents—even though American Apparel has asserted it privilege and other objections to that production. Because these are American Apparel's documents, which Ms. Semon possessed solely as a result of her employment relationship with American Apparel, the privilege belongs to American Apparel. *See United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) (former employee of a corporation cannot waive corporation's privilege by producing corporation's documents).

Ms. Semon cannot waive that privilege, and Plaintiff should not be permitted to obtain through Ms. Semon documents that Plaintiff previously requested from American Apparel but withheld on privilege grounds. To permit this end-run around American Apparel's assertion of privilege would be a gross miscarriage of justice.

## III. DEFENDANT IS ENTITLED TO FEES

"If the motion is granted, the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. Proc. 37(a)(5)(A). Although this directive is subject to exceptions, none apply here.

Pursuant to the above, Defendant requests that this Court award reasonable expenses incurred in the making of this motion. Counsel for American Apparel has provided Plaintiff's counsel with sufficient basis for its position. However, Plaintiff has refused to provide a legitimate reason for refusing American Apparel's its rightful opportunity to cross-examine the witness and to protect its confidential and privileged information.

## IV.   CERTIFICATION

Pursuant to the Federal Rules of Civil Procedure and Local Rules, Defendant American Apparel's counsel certifies, that Defendant, through counsel, conferred in good faith with Plaintiff's counsel regarding the relief requested in this motion, and Plaintiff's counsel refused to agree to it. Consequently, Defense counsel notified Plaintiff's counsel of their intent to formally seek this relief.

## V.   NOTICE PURSUANT TO LOCAL RULE 7-19

Pursuant to Local Rule 7-19, the names, addresses and telephone numbers of opposing counsel are:

Michael Zweig, Esq.,
Loeb & Loeb LLP
345 Park Avenue, New York, New York 10154
(212) 407-4000, mzweig@loeb.com
Counsel to Plaintiff Woody Allen

Barry R. Edwards, Esq.,
Spiegelman and Edwards
433 North Camden Drive, 6th Floor, Beverly Hills, CA 90210
(310) 288-1802, barry@selaw.net
Counsel to Cynthia Semon

**DEFENDANT'S EX PARTE APPLICATION**

## VI.  CONCLUSION

Based upon the foregoing, Defendant respectfully moves for an order of court 1) granting Defendant's motion to quash the invalid subpoena served upon non-party witness; or in the alternative; 2) granting Defendant's motion to stay the continued deposition on April 15, 2009, a time which Defense counsel is not available; 3) issuing a protective order prohibiting Plaintiff from taking third-party Cynthia Semon's deposition on April 15, 2009 or on any other date upon which Defendant's counsel is not available, and directing Ms. Semon not to produce any documents in response to the improperly-issued subpoena *duces tecum*; and 4) granting reasonable fees and costs to Defendant.

DATED:  April 9, 2009                     AMERICAN APPAREL, INC

By: _____
Joyce E. Crucillo
Omero Banuelos
Attorneys for Defendants
AMERICAN APPAREL, INC.

**PROOF OF SERVICE**

State of California, County of Los Angeles,

     I am employed in Los Angeles County, State of California.

     I am over the age of 18 years and not a party to this action. My business address is 747 Warehouse Street, Los Angeles, Ca. 90021.

On April 9, 2009, I served the document described as

     **DEFENDANT'S EX PARTE APPLICATION TO STAY DEPOSITION OF THIRD-PARTY CYNTHIA SEMON, TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER**

on all interested parties as follows:

by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

| |
|---|
| Michael Zweig, Esq.<br>Loeb & Loeb LLP<br>345 Park Avenue<br>New York, New York 10154<br><br>Barry R. Edwards, Esq.<br>Spiegelman and Edwards<br>433 North Camden Drive, 6th Floor<br>Beverly Hills, CA 90210 |

[X]     BY U.S. MAIL: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

[]     BY PERSONAL HAND DELIVERY:
I caused the above-described document(s) to be personally delivered by hand to the following recipient at the following address:

     I declare under penalty of perjury that the above is true and correct.

April 9, 2009

_____
Cristina Diaz

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV09- 2475 DDP (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>PENDING CIVIL ACTION NO. 08 CV 3179 (TPG)(KNF)<br><br>Woody Allen | DEFENDANTS<br><br>American Apparel, Inc. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Michael P. Zweig (MZ-5318)<br>Loeb and Loeb LLP<br>345 Park Avenue, New York 10154-1895 | Attorneys (If Known)<br><br>Joyce E. Crucillo, SBN 185405<br>Omero Bañuelos, SBN 228207<br>American Apparel, Inc.<br>747 Warehouse Street, Los Angeles, California |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ at least $10,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Pending Civil Action No. 08 CV 3179 (TPG)(KNF) District Court, So. Dist. NY - Exparte Application to quash subpoena, stay deposition and for protective order

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☒ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number:    CV09-02475

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                    ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                    ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | NEW YORK, NY |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | NEW YORK, NY |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date _4-9-09_

    **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |